IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MORAN<br>*Plaintiff* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STEVENS TRANSPORT, INC.<br>*Defendants* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Stevens Transport, Inc. ("Stevens Transport") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446(b) for removal on the basis of federal question jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Kenneth Moran v. Stevens Transport, Inc., Cause No. 71-160-00200-09, Before the American Arbitration Association* ("the Arbitration"). Before the case proceeded to arbitration, it was initially filed in a Dallas County Court at Law and was styled *Kenneth Moran v. Stevens Transport, Inc., Cause No. CC-09-02156-D, in the County Court at Law No. 4, Dallas County, Texas.* A certified copy of the entire file, including all process, pleadings and orders in the Arbitration, as well as the limited filings in the County Court at Law, is attached to this Notice of Removal as Exhibit A and is incorporated by reference.

### I.   BACKGROUND FACTS

#### *The Accident*

According to his Second Amended Petition, Plaintiff Kenneth Moran ("Moran"), while employed with Stevens Transport, sustained an injury while working in the course and scope of his employment. (Ex. A-49 at 1-2). Moran alleges that while working as a long-haul truck driver for Stevens Transport, he suffered injuries to two of his fingers after attempting to remove

a metal security seal from a truck's trailer doors. *Id.* Moran subsequently received treatment for the injuries to his hand and was placed on light-duty assignment at Stevens Transport. (Ex. E, p. 51:19-25). Before being released from light-duty assignment, Moran simply stopped showing up for work and is no longer employed by Stevens Transport. (Ex. E, pp. 62:4-64:5).

### *This Lawsuit and Subsequent Arbitration*

On or about March 16, 2009, Moran filed his Original Petition in the County Court at Law No. 4, Dallas County, Texas against Stevens Transport for his injuries allegedly arising from Stevens Transport's negligence. (Ex. A-2). Specifically, Moran contends, in part, that Stevens Transport failed to train him on safe procedures to remove the security seal and failed to warn him that he could be injured in removal of the security seal. (Ex. A-2, p. 2). Stevens Transport timely filed its Original Answer on March 20, 2009. (Ex. A-4). Shortly after the case was filed, the parties filed and the court signed an Agreed Order to Abate Litigation and Comply with Mutual Agreement to Arbitrate Claims, which became effective on April 13, 2009. (Ex. A-5).

The case then proceeded to arbitration before the American Arbitration Association. During development of discovery, and despite the fact that he had only pleaded a negligence cause of action, Moran sent Stevens Transport requests for production seeking to discover documents relating to Stevens Transport's welfare benefit plan and/or its disability insurance policies and ERISA plans. (Ex. A-23). Specifically, in Plaintiff's First Request for Production, he sought discovery of the following documents:

> **Request for Production No. 16**: All Plan (Stevens Transport, Inc. Accident/Injury Plan) documents filed with the United States Department of Labor for the past 5 years.
>
> **Request for Production No. 24**: All disability insurance policies and Employee Retirement Income Security Act (ERISA) plans or any other insuring agreement

>Defendant relies upon to provide payments for medical expenses or lost wages to the Plaintiff in connection with his workplace injury.

(Ex. A-23). Because Moran had only alleged a negligence cause of action, Stevens Transport objected to the requests as improperly seeking documents not relevant to the lawsuit and outside the scope of permissible discovery. (Ex. A-23).

Additionally, on January 7, 2010, Moran, for the first time, sought discovery regarding the manner in which Stevens Transport administered benefits under its Accident/Injury Plan ("the Plan"). Specifically, immediately following Moran's deposition taken on January 7, 2010, Moran's counsel indicated that he intended to seek deposition testimony from Stevens Transport's employees regarding its Accident/Injury Plan ("the Plan"). Accordingly, on January 8, 2010, Stevens Transport's counsel sent a letter to Moran's counsel advising that Stevens Transport was willing to present two of its employees, Ms. Tammy Motley and Ms. Michelle Gilbert, for deposition as fact witnesses only on issues related to Moran's tort cause of action. (Ex. B). Ms. Gilbert is employed as the Insurance Department Manager and Ms. Motley is a Benefits Coordinator and reports to Ms. Gilbert. (Ex. A-69 at p. 1). In the letter, Stevens Transport's counsel specifically stated that he "was not willing to voluntarily present Ms. Motley or Ms. Gilbert on ERISA issues involving the ERISA plan's selection of physicians, determination of benefits, Mr. Moran's compliance or non-compliance with ERISA plan, referral to physicians, use of physicians, payment of medical expenses, and/or suspension of ERISA benefits. In sum, that the depositions will not involve ERISA issues." (Ex. B). Stevens Transport's counsel then sought an agreement from Moran's counsel that he would not delve into ERISA matters during the depositions of Ms. Motley and Ms. Gilbert. (Ex. B).

In response, Moran's counsel sent a letter refusing to agree to limit the deposition testimony to non-ERISA matters only. (Ex. C). Instead, Moran's counsel stated that he intended to ask questions of both Ms. Motley and Ms. Gilbert regarding the following topics:

1. their involvement with and handling of [Mr. Moran's] work injury claim;

2. their discussions with [Mr. Moran's] treating doctors and staff;

3. their discussions with [Mr. Moran] concerning his work injury and medical treatment;

4. their discussions with [Mr. Moran] concerning the circumstances involving the injury, [Mr. Moran's] light duty work restrictions and subsequent light duty work assignment and [Mr. Moran's] request to be permitted to operate a tractor-trailer and thereafter Stevens['] denial of that request.

5. their discussions with Stevens['] employees concerning the choice of doctors and other healthcare providers Mr. Moran was directed to seek for treatment; and

6. their discussions with Stevens['] employees concerning Mr. Moran's eligibility and ineligibility for medical and other benefits.

(Ex. C). Moran's counsel concluded his correspondence by indicating, "I will not mention the acronym ERISA." *Id.* Regardless of whether he intended to use the acronym "ERISA," it is clear that Moran's counsel intended to illicit testimony regarding ERISA-related issues. *See id.*

On January 22, 2010, Stevens Transport filed a Motion for Protective Order to prevent Moran from asking questions regarding benefits received under the Plan, including eligibility and denial of benefits, the Plan's selection of doctors, and how the Plan handled Moran's claim. (Ex. A-69). That motion was denied by the arbitrator on January 25, 2010. (Ex. A-71).

Additionally, Stevens Transport's corporate representative and Plan manager, William Tallent, was deposed on January 14, 2010. (Ex. E). During the deposition, Moran's counsel questioned Mr. Tallent regarding the administration of the Plan. Specifically, Moran's counsel

asked Mr. Tallent why he chose the treating physicians in this case, why Stevens Transport ordered Moran to seek treatment from Dr. Lovelace, as well as the benefits Moran received under the Plan. (Ex. E, pp. 36:16-17, 52:7-53:20, 57:5-8, 61:17-19).

Thereafter, on January 26, 2010, the deposition of Dr. Jay Boulas was taken. Dr. Boulas is a treating physician who provided medical care to Moran in September 2008 and February 2009. (Ex. F). During the deposition, Moran's counsel questioned Dr. Boulas regarding the reasons why the Plan's manager, Mr. Tallent, denied certain ERISA benefits. (Ex. F). Specifically, Moran's counsel reminded Dr. Boulas that Mr. Tallent worked for Stevens Transport and asked him whether he knew why Mr. Tallent allegedly denied benefits to Moran, namely the ability to get a second opinion regarding treatment. (Ex. F). Additionally, Moran's counsel questioned Dr. Boulas regarding references contained in the medical records of Dr. Lovelace, another treating physician, that stated, "Per Tallent refused 2nd opinion." (Ex. F, F-2). These questions were not related to the pleaded negligence cause of action; rather, they were directed at Moran's claim regarding improper denial of benefits under the Plan. (Ex. F).

### *The Accident/Injury Plan*

Stevens Transport attaches hereto and incorporates by reference herein a true and correct copy of the Plan. (Ex. D-1). The purpose of the Plan is to provide benefits to Stevens Transport employees and/or their beneficiaries in the event the employee sustains on-the-job injuries or accidental death. (Ex. D). The Plan itself states that it "is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), a federal law governing the administration of employee benefit plans." (Ex. D-1). Moreover, William Tallent, who is Vice President of Risk Management for Stevens, testified by way of his

declaration that the Plans' benefits, beneficiaries, funding, and procedures are clearly defined. (Ex. D). Additionally, Mr. Moran was a participant in the Plan. *Id.*

As shown in more detail below, because the Plan itself is clearly regulated by ERISA and Moran has indicated a clear intent to seek discovery supporting a claim to be made under the Plan, ERISA preempts Moran's claims and federal question jurisdiction exists supporting removal.

## II. REMOVAL IS PROPER IN THIS CASE

### *Removal based on Federal Question Jurisdiction*

Under the removal statute, a party may remove a lawsuit from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). One category of cases which district courts have original jurisdiction includes federal question cases. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004) (citing 28 U.S.C. § 1331). Federal question cases are those which arise under the Constitution, laws, or treaties of the United States. *Id.* To determine whether a particular case arises under federal law, the well-pleaded complaint rule is followed. *Id.*

The well-pleaded complaint rule provides that removal is proper so long as the plaintiff's complaint establishes that the case arises under federal law. *Id.* An exception to this rule exists when a federal statute completely displaces the state-law cause of action through complete pre-emption. *Id.* Such exception allows for the lawsuit to be removed because if a claim comes within the scope of the federal statute, even if pleaded in terms of state law, it is in reality based on federal law. *Id.* The United States Supreme Court has construed the Employment Retirement Income Security Act of 1974 as one of these types of federal statutes allowing for complete preemption and removal. *Id.*

## *ERISA*

The Employment Retirement Income Security Act of 1974 ("ERISA") was enacted to "'protect . . . the interest of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Id.* (quoting 29 U.S.C. § 1001(b)). ERISA's purpose is "to provide a uniform regulatory regime over employee benefit plans." *Id.* As such, ERISA has extensive preemption provisions to make certain that the employee benefit plan regulation would be " 'exclusively a federal concern.' " *Id.* (quoting *Alesi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Further, the United States Supreme Court has recognized that "the preemption provision of ERISA was intended to have the effect of 'reserv[ing] to Federal authority the sole power to regulate the field of employee benefit plans.' " *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) (quoting Representative Dent, 120 Cong. Rec. 29197 (1974)). Thus, Congress intended all suits alleging improper processing of claims to be governed only by ERISA. *Cathey v. Metro. Life Ins. Co.*, 805 S.W.2d 387, 391 (Tex. 1991).

ERISA's civil enforcement provision allows a participant or beneficiary to bring a civil action involving claims such as, among others, disputes over the benefits due to him under the terms of the plan or to enforce his rights under the plan. *Kilduff v. First Health Benefits Administrators Corp.*, No. 3:06-CV-0221-G, 2006 WL 1932348 *4 (N.D. Tex. July 10, 2006) (citing 29 U.S.C. § 1132(a)(1)(B)). Certainly, a claim for alleged wrongful denial of benefits and whether an ERISA plan was properly administered falls squarely within ERISA's civil enforcement provision. *Id.* at *5. And, when a claim falls within the scope of a federal statute, such as ERISA, calling for complete preemption, that claim is subject to being removed.

### *Moran has an ERISA-preempted claim*

Ordinarily, the existence of federal jurisdiction is determined by looking at the face of the plaintiff's well-pleaded complaint. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, (5th Cir. 1996). However, a defendant's right to remove may extend beyond what is pleaded in the plaintiff's complaint under certain circumstances. 28 U.S.C. § 1446(b). Specifically, under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* (emphasis added). Deposition testimony and correspondence have been held to constitute "other paper" under the meaning of section 1446(b), thus establishing federal court jurisdiction. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (holding that a post-complaint letter concerning settlement terms constituted an "other paper" sufficient to show the amount in controversy exceeded the jurisdictional minimum); *S.W.S. Erectors*, 72 F.3d at 494 (holding the plaintiff's president's deposition transcript amounts to "other paper"). However, before a document may be considered an "other paper," it must have been made voluntarily by the plaintiff. *Brinkley v. Universal Health Servs., Inc.*, 194 F. Supp.2d 597, 599 (S.D. Tex. 2002). The documents must show an intent to pursue a federally preempted claim—here, an ERISA claim.

Additionally, the purpose of the removal statute is furthered by allowing jurisdiction based on "other papers" because it encourages prompt resort to federal courts when the

defendant first learns of the facts necessitating jurisdiction. *Addo*, 230 F.3d at 762. Further, it discourages disingenuous pleading by plaintiffs in state court to avoid removal. *Id.*

In this case, Moran has shown a clear intent to pursue an ERISA claim, which falls exclusively within federal jurisdiction. Moran has insisted on obtaining discovery from Stevens Transport regarding its Plan details, including selection of physicians, administration of the Plan, how the Plan handled Moran's work injury claim, and eligibility for benefits under the Plan. (Ex. A-23, C, F). In particular, Moran has sought discovery of the following:

1. All of Stevens Transport's Plan documents filed with the United States Department of Labor for the past five years. (Ex. A-23);

2. All disability insurance policies and ERISA plans connected with the payment of medical expenses or lost wages. (Ex. A-23);

3. Testimony from Ms. Gilbert, Stevens Transport's Insurance Department Manager, and Ms. Motley, Stevens Transport's Benefits Coordinator, regarding their involvement with and handling of Moran's work injury claim, their discussions with Moran's treating doctors and staff; their discussions regarding the Plans' choice of doctors or other healthcare providers, and their discussions regarding Moran's eligibility or ineligibility for medical or other benefits. (Ex. C);

4. Testimony from Mr. Tallent, the Plan's manager, regarding why he chose the treating physicians in this case, why Stevens Transport ordered Moran to seek treatment from Dr. Lovelace, as well as the benefits Moran received under the Plan. (Ex. E, pp. 36:16-17, 52:7-53:20, 57:5-8, 61:17-19); and

5. Testimony regarding why the Plan's manager, Mr. Tallent, allegedly denied Moran the ability to obtain a second opinion. (Ex. F).

Moran's actions in continuing to pursue discovery, over numerous objections, regarding the benefits he received or he contends he was entitled to receive under the Plan prove that Moran is pursuing or intending to pursue an ERISA claim. Merely because he has not pleaded a cause of action for ERISA does not foreclose the conclusion that he is, in fact, pursuing a federally-preempted claim. *See Addo,* 230 F.3d at 761-62; *S.W.S. Erectors,* 72 F.3d at 494; *Cathey,* 805 S.W.2d at 390-91. The correspondence and deposition questions constitute "other

papers" sufficient to satisfy the requirements of 28 U.S.C. § 1446(b) and support proper removal in this case.

Additionally, the purpose of the removal statute is furthered because Stevens Transport has sought the intervention of this Court as soon as it learned that Moran was intending to pursue a claim for wrongful denial of benefits under Stevens Transport's Plan and a claim relating to the administration of the Plan. Moran's continual failure to hide behind his simple negligence claim is thwarted by his continued persistence of matters exclusively within an ERISA claim, such as which doctors the Plan chooses and whether he was wrongfully denied benefits under the Plan and whether he is entitled to benefits under the Plan. Accordingly, because Moran has continue to insist on seeking discovery of matters clearly within the realm of an ERISA claim, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### III.   REMOVAL IS TIMELY

This Notice of Removal is filed within thirty (30) days of notice that Moran intends to pursue and seek discovery of an ERISA-related claim, which is the first time in this litigation a claim arose under federal law and, thus, forms a basis for removal. 28 U.S.C. § 1446(b). This Notice of Removal is, therefore, timely filed under 28 U.S.C. § 1446(b).

### IV.   PROCEDURAL REQUIREMENTS

Removal of this action is proper under 28 U.S.C. §§ 1331, and 1441(b) because it is a civil action in which, based on Moran's act of seeking discovery regarding pursuit of an ERISA claim, the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1331 because Moran has asserted claims arising under federal law. By virtue of filing this Notice of Removal, the removing defendant does not waive its right to assert any motions to

compel arbitration, transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

Additionally, all of the papers on file with the Dallas County Court at Law No. 4 and with the Arbitration at the time of removal are attached hereto as Exhibit A and are incorporated by reference herein. Those papers include the following: Plaintiff's Original Petition and subsequent amendments, Defendant's Original Answer and subsequent amendments, Agreed Order to Abate Litigation and Comply with Mutual Agreement to Arbitrate, Demand for Arbitration, Claimant's Motion for Sanctions and for Protective Orders, Motions to Quash, Motions to Compel, responses to such motions, Orders issued by the Arbitrator, Claimant's discovery responses, and related correspondence.

Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed in the County Court at Law No. 4, Dallas County, Texas and with the American Association of Arbitration promptly after the filing of this Notice. (Ex. G, H).

### PRAYER FOR RELIEF

Defendant Stevens Transport, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, hereby removes this action for trial from the County Court at Law No. 4, Dallas County, Texas and the American Association of Arbitration, to this Court, on this 28th day of January, 2010.

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**


By: /s/ *David L. Sargent*
     **DAVID L. SARGENT**
     State Bar No. 17648700

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR DEFENDANT
STEVENS TRANSPORT, INC.**


**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 28th day of January, 2010, a true and correct copy of the foregoing document was forwarded certified mail, return receipt requested, to Tom Carse, Carse Law Firm, 6220 Campbell Road, Suite 401 Dallas, Texas 75248, counsel for Plaintiff.

     /s/ *David L. Sargent*
     **DAVID L. SARGENT**

0202/00057