IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0153-K |
| | § | |
| STEVENS TRANSPORT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. No. 2). For the following reasons, the Court **GRANTS** the motion.

### I.  Factual Background

Plaintiff Kenneth Moran ("Plaintiff") was employed by Defendant Stevens Transport, Inc. ("Defendant") as a long-haul truck driver. Plaintiff injured his hand while performing his job. Plaintiff sliced two fingers on his left hand while trying to remove a metal security seal from the trailer doors. Plaintiff received treatment for his injuries and was placed on light-duty assignment. At some point thereafter, Plaintiff was no longer employed with Defendant.

On March 16, 2009, Plaintiff filed suit in state court, claiming his injuries arose from Defendant's negligence. Upon agreement by the parties, the court entered an order on April 13, 2009 abating the case and sending it to arbitration. During the course of

the arbitration, Defendant removed the case to this Court on January 28, 2010. Plaintiff subsequently filed this motion to remand on February 1, 2010.

## II.  Analysis

A state court case is timely removed to federal court if the removal is filed within thirty days of the defendant receiving the initial pleading stating a claim for relief. 28 U.S.C. § 1446(b). If it is not apparent from the initial pleading that removal is appropriate, the defendant may remove the case within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Discovery responses and formal or informal communications between attorneys can be "other paper" which trigger the thirty day removal period. *See Killion v. Creative Solutions in Health-Care at Granbury, LLC*, No. 4:02-CV-853-Y, 2003 WL 21321263, *3 (N.D. Tex. June 3, 2003)(Means, J.).

Defendant removed the case to this Court on the basis of federal question jurisdiction. Defendant argues that, although Plaintiff's state court pleading does not allege a federal claim, Plaintiff has shown "a clear intent to pursue an ERISA claim" through his discovery requests. Def.'s Notice of Removal, p. 9. In both its notice of removal and response to Plaintiff's motion, Defendant argues that Plaintiff "has insisted on obtaining discovery from [Defendant] regarding its [ERISA plan] details." *Id.*; Def.'s Resp. to Plaintiff's Motion to Remand, p. 8. As evidence of this, Defendant directs the

Court first to Plaintiff's First Request for Production ("Request") in which Plaintiff sought: (1) all of Defendant's documents filed with the United State Department of Labor for the past five years; and (2) all disability insurance policies and ERISA plans connected with the payment of medical expenses for or lost wages of Plaintiff. Def.'s Notice of Removal, Exhibit A, Tab 23. In addition to this ERISA related discovery, Defendant directs the Court to other discovery Plaintiff sought in January 2010 in support of its argument that removal was proper based on the "other paper" application of section 1446(b).

Plaintiff's amended state court pleading does not, on its face, assert an ERISA claim. But, the record before the Court evidences that "other papers" received by Defendant could have allowed Defendant to ascertain that the case was removable, as Defendant argues. *See Killion*, 2003 WL 21321263, at *3 (discovery matters can constitute "other papers" within the meaning of section 1446(b)). For the removal to be timely, it must be filed within thirty days of receiving the "other paper". Without deciding whether Plaintiff has a viable ERISA claim, the Court concludes Defendant failed to timely remove this case.

In its response, Defendant does not argue it ascertained the case was removable on a certain date. Instead, Defendant cites the Court to Plaintiff's discovery requests made in 2009 as well as those made in January 2010 as evidence that Plaintiff intended to pursue an ERISA claim. The Court concludes Plaintiff's Request made in 2009 was

enough for Defendant to ascertain the case was removable.  The record does not reflect the date on which Plaintiff's Request was received by Defendant; but the record does establish that Defendant's responses to the Request were dated June 19, 2009, wherein Defendant objected to both requests as improperly seeking documents not relevant to the litigation and outside permissible discovery.  Accordingly, at least as early as June 19, 2009, the "other papers" Defendant had received, in the form of Plaintiff's discovery requests, were enough to make Defendant aware this case was removable; 223 days before Defendant actually removed it to this Court.

The Court is aware Defendant cites to other discovery requests made by Plaintiff in January 2010 in support of its conclusion that Plaintiff would pursue ERISA claims; notably, the testimony of certain of Defendant's employees and the Plan's manager regarding the choice of physicians, the handling of Plaintiff's claim, and any discussions related to Plaintiff's benefits and medical treatment.  However, it would be disingenuous for the Court to conclude that, although Defendant relies on the earlier 2009 discovery requests as evidence of Plaintiff's intention to pursue an ERISA claim(s), it was only the January 2010 discovery requests from which Defendant could ascertain the case was removable.  *See id.*, at *3-4.   The Court sees no real distinction between the requests made in 2009 and in January 2010, and Defendant offers none.

Accordingly, because the Court concludes "other paper" alerted Defendant by June 19, 2009, that this case was removable, Defendant's notice filed on January 28, 2010 was untimely and remand is appropriate.

### III.    Conclusion

The Court concludes Defendant untimely removed this case. Accordingly, the Court **grants** Plaintiff's motion to remand. This case is remanded to the County Court at Law No. 4, Dallas County, Texas.

**SO ORDERED.**

Signed April 12th, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE