**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNETH MORAN** | § | |
| **Plaintiff** | § | |
| | § | |
| *v.* | § | **CIVIL ACTION NO. 3:10-cv-00153** |
| | § | |
| **STEVENS TRANSPORT, INC.** | § | |
| **Defendant** | § | |

**MOTION TO RECONSIDER AND VACATE ORDER
GRANTING REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE KINKEADE:

Defendant Stevens Transport, Inc. ("Stevens Transport") files this motion asking the Court to reconsider and vacate its order remanding this case back to state court. Because Plaintiff failed to raise any procedural defects in his Motion to Remand, this Court lacked the authority to remand based on untimely removal. Accordingly, this Court should grant Stevens Transport's Motion to Reconsider and vacate its prior order granting Plaintiff's Motion to Remand.

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................ 3

I.        Summary of the Argument .................................................................................... 5

II.       Background .............................................................................................................. 6

III.      Argument & Authorities ........................................................................................ 7

          A.       This Court retains jurisdiction to reconsider and vacate its prior order
                   remanding this case to state court. ........................................................... 7

          B.       Because Plaintiff did not allege any procedural defects, remand on the
                   basis of untimely removal is improper. .................................................. 11

          C.       This Court should grant Stevens Transport's Motion for Reconsideration
                   and vacate its order remanding this case because the right to remove was
                   not triggered until January 2010 when Plaintiff first demonstrated an intent
                   to pursue an ERISA claim .......................................................................... 12

                   1.   Plaintiff's discovery requests that simply ask for copies of the ERISA
                        plan are insufficient, as a matter of law, to trigger removal because
                        they fail the clear and unequivocal test. ......................................... 12

                   2.   Rather, Plaintiff's actions in January 2010 for the first time
                        demonstrated that he intended to pursue an ERISA claim ............. 18

                   3.   This Court's holding that a right to remove was triggered by serving
                        discovery requests greatly expands the jurisdiction of federal district
                        courts. ................................................................................................. 20

IV.       Prayer ...................................................................................................................... 21

# TABLE OF AUTHORITIES

## CASES

*Akin v. Ashland Chem. Co.,*
    156 F.3d 1030 (10th Cir. 1998) ........................................................... 13

*Barnes v. Westinghouse Elec. Corp.,*
    962 F.2d 513 (5th Cir. 1992) ............................................................. 11

*Bell v. Homestead Senior Care,*
    No. 4:08-CV-207-Y, 2008 WL 1959802 (N.D. Tex. 2008) ...................... 17

*Bosky v. Kroger Texas, LP,*
    288 F.3d 208 (5th Cir. 2002) ................................................. 12, 13, 19

*Brinkley v. Universal Health Servs., Inc.,*
    194 F. Supp.2d 597 (S.D. Tex. 2002) ................................................ 16

*DeBry v. Transamerica Corp.,*
    601 F.2d 480 (10th Cir. 1979) .......................................................... 13

*FDIC v. Loyd,*
    955 F.2d 316 (5th Cir. 1992) .............................................. 7, 8, 9, 10, 11

*Hines v. AC & S, Inc.,*
    128 F. Supp.2d 1003 (N.D. Tex. 2001) ............................................... 16

*Hook v. Morrison Milling Co.,*
    38 F.3d 776 (5th Cir. 1994) .............................................................. 17

*Hudson United Bank v. LiTenda Mortgage Corp.,*
    142 F.3d 151 (3rd Cir. 1998) .............................................................. 8

*In re Allstate Ins. Co.,*
    8 F.3d 219 (5th Cir. 1993) ....................................................... 9, 10, 11

*In re Shell Oil Co.,*
    932 F.2d 1523 (5th Cir. 1991) ............................................................ 8

*In re Shell Oil Co.,*
    631 F.2d 1156 (5th Cir. 1980) ............................................................ 8

*Killion v. Creative Solutions in Health-Care at Grandbury, LLC,*
    No. Civ. A. 402-CV-853-Y, 2003 WL 21321263 (N.D. Tex. 2003)..................... 14, 15, 16, 18

## TABLE OF AUTHORITIES (cont.)

*LeBoeuf v. Texaco,*
   9 F. Supp.2d 661 (E.D. La. 1998) .......................................................................... 16

*Portillo v. Convalescent Enter., Inc.,*
   No. EP-05-CA-276-PRM, 2005 WL 1796146 (W.D. Tex. 2005) ............................................ 17

*Schexnayder v. Entergy La., Inc.,*
   394 F.3d 280 (5th Cir. 2004) ........................................................................... 9, 10

*Shapiro v. Logistec USA Inc.,*
   412 F.3d 307 (2nd Cir. 2005) ............................................................................... 8

*Stiles v. Barnes Group, Inc.,*
   No. Civ. 3:01-cv-2750-H, 2002 WL 1298734 (N.D. Tex. 2002) ............................................ 16

*Thermtron Prod., Inc. v. Hermansdorfer,*
   423 U.S. 336 (1976) ..................................................................................... 7, 8

*Things Remembered, Inc. v. Petrrca,*
   516 U.S. 124 (1995) ..................................................................................... 7, 8

*Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.,*
   254 F.3d 1317 (11th Cir. 2001) .................................................................... 9, 10, 11

## STATUTES

28 U.S.C. § 1446(b) .......................................................................................... 12

28 U.S.C. § 1447(c) ............................................................................... 7, 8, 9, 10, 11

28 U.S.C. § 1447(d) ..................................................................................... 7, 8, 10

## OTHER SOURCES

WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1077 (1990) ................................................ 12

# I.
## SUMMARY OF THE ARGUMENT

Stevens Transport respectfully requests this Court to reconsider and vacate its prior order remanding this case.  This Court's order remanding the case was based on whether Stevens Transport's removal was timely, which, if untimely, would be a procedural defect.  However, in his Motion to Remand, Plaintiff did not raise any procedural defects.  Because Plaintiff did not raise any procedural defects, this Court did not have the authority to remand based on a procedural defect.  As such, this Court retains jurisdiction to review and vacate its remand order.  Further, because Plaintiff failed to raise the procedural defect of untimely removal, the complaint is waived and cannot form a basis for remand.

Alternatively, the evidence proves that Stevens Transport did, in fact, timely remove the case on January 28, 2010, as soon as the evidence was unequivocally clear and certain that Plaintiff intended to pursue an ERISA claim.  The court found that Stevens Transport should have known of Plaintiff's intent to pursue an ERISA claim based on Plaintiff's requests for production seeking copies of the ERISA plan in June 2009.  But, the discovery requests sent by Plaintiff in June 2009 are insufficient, by themselves, to show an intent to pursue an ERISA claim.  It was only after the discovery requests were propounded and correspondence sent in January 2010 that an unequivocally clear and certain intent to pursue an ERISA claim existed.  Stevens Transport removed within thirty days of the January 2010 discovery requests and correspondence making Stevens Transport's removal timely.  As explained more fully below, allowing the removal clock to run at the time of Plaintiff's service of two requests for production seeking copies of the plan runs afoul of the legislature's intent to deter improper removals, as well as the Fifth Circuit's discouragement of filing protective removals.

## II.
### BACKGROUND

On January 28, 2010, Stevens Transport removed this case based on federal question jurisdiction because Plaintiff's actions taken in January 2010 showed an intent to pursue an ERISA claim.  On February 1, 2010, Plaintiff filed a Motion to Remand on the sole basis that the Court lacked subject matter jurisdiction because the ERISA plan's involvement in the case was too remote and not sufficient to establish federal preemption.  Plaintiff did not raise any objection or seek remand based on any procedural defects.  Thereafter, on April 12, 2010, this Court remanded the case back to state court on the ground that Stevens Transport's removal was untimely.

The underlying facts relevant to this motion include the following:[1]

- In June 2009, Plaintiff requested copies of Stevens Transport's Accident/Injury Plan through written discovery.  (Ex. A-23).

- On January 7, 2010, Plaintiff requested the depositions of two Stevens Transport employees regarding details of its ERISA plan.  In response, on January 8, 2010, Stevens Transport sent a letter to Plaintiff advising that the witnesses would not be permitted to testify regarding any ERISA issues because such issues were not relevant to his negligence cause of action. (Ex. B).

- On January 8, 2010, Plaintiff responded and insisted on taking the depositions.  He stated that he would seek testimony regarding ERISA matters, including Stevens Transport's handling of his claim, discussions with doctors and their staff, restrictions imposed under the plan, selection of doctors and other healthcare providers and eligibility or ineligibility of benefits.  (Ex. C).

- On January 14, 2010, Stevens Transport's corporate representative and plan manager, William Tallent, was deposed.  During the deposition, Plaintiff's counsel questioned Mr. Tallent regarding the administration of the plan, including why he chose the treating physicians in this case, why Stevens Transport ordered Plaintiff to seek

---

[1] A complete discussion of the underlying facts is contained in Stevens Transport's Notice of Removal [Dkt. 1] and Response to Plaintiff's Motion to Remand [Dkt. 3].  Additionally, Stevens Transport hereby incorporates the Exhibits attached to its Notice of Removal filed on January 28, 2010.  All exhibits cited in this Motion for Reconsideration are those attached as exhibits to Stevens Transport's Notice of Removal.  For brevity, Stevens Transport summarizes the relevant facts.

treatment from a specific doctor, as well as the benefits Plaintiff received under the plan.  (Ex. E, pp. 36:16-17, 52:7-53:20, 57:5-8, 61:17-19).

- On January 26, 2010, Plaintiff took the deposition of Dr. Jay Boulas, who was one of Plaintiff's treating physicians. (Ex. F).  During the deposition, Plaintiff's counsel questioned Dr. Boulas regarding the denial of certain ERISA benefits by the plan's manager, Mr. Tallent.  (Ex. F).

Based on the events beginning on January 7, 2010, Stevens Transport removed this case. This Court concluded that the removal was untimely because Stevens Transport should have removed after receiving the discovery requests sent in June 2009.  For the following reasons, Stevens Transport asks this Court to reconsider its prior order remanding this case and vacate that order.  Stevens Transport properly and timely sought removal as soon as the evidence supported removal, and remand based on procedural defects is not appropriate under the facts of this case.

### III.
#### ARGUMENT & AUTHORITIES

**A.    This Court retains jurisdiction to reconsider and vacate its prior order remanding this case to state court.**

This Court has jurisdiction to reconsider and vacate its order remanding this case because the Court lacked the authority to remand based on alleged procedural defects when the plaintiff failed to object to any procedural defects in his motion to remand.[2]  Plaintiff's Motion to Remand challenged only the subject matter jurisdiction of this Court and did not allege any procedural defects as a ground for remand.  Accordingly, because Plaintiff failed to raise any procedural defects in his Motion to Remand, this Court lacked authority to sua sponte remand on

---

[2] As argued more fully in Sections C.1 and C.2 infra, Stevens Transport timely removed this case on January 28, 2010 after Plaintiff clearly demonstrated an intent to pursue an ERISA claim in January 2010 by seeking discovery regarding his ERISA claim, including complaints about the administration of the plan and receipt of benefits.  The earlier-served discovery requests, which simply requested copies of the plan, do not show that Plaintiff intended to pursue an ERISA claim and thus, by themselves, are insufficient to trigger Stevens Transport's deadline to remove.

the basis that the removal was untimely.  Therefore, this Court has jurisdiction to reconsider and vacate its prior order remanding this case.

The general rule is that orders granting remand are not reviewable.  28 U.S.C. § 1447(d). This general rule is derived from 28 U.S.C. § 1447(d), which provides in relevant part, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  *Id.*; *FDIC v. Loyd*, 955 F.2d 316, 319 (5th Cir. 1992).  The United States Supreme Court has carved out an exception to this rule, holding that the limit to reviewability contained in § 1447(d) applies only when the reason for remand is based on § 1447(c).  *Things Remembered, Inc. v. Petrrca*, 516 U.S. 124, 127-28 (1995); *Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976); *Loyd*, 955 F.2d at 319.  In other words, an order remanding a case is unreviewable unless the court exceeded the scope of its authority under § 1447(c).  *Loyd*, 955 F.2d at 321.  As long as the district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."  *Things Remembered*, 516 U.S. at 127-28; *see also Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 313 (2nd Cir. 2005) (recognizing that the critical question for determining reviewability is whether the ground for remand was either (1) a defect other than subject matter jurisdiction raised in a motion filed within thirty days or (2) lack of subject matter jurisdiction).

Additionally, this Court is empowered to reconsider and vacate its prior order remanding this case based on the same principles outlined in the exception to the general rule.  The Fifth Circuit has expressly held, "Where that exception applies, an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order."  *In re Shell Oil Co.*, 631 F.2d 1156, 1158 (5th Cir. 1980); *see In re Shell*

–8–

*Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991); *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 158 (3rd Cir. 1998).  Therefore, as discussed below, because the exception applies to this case, this Court has the jurisdiction to reconsider and vacate its remand order.

The exception applies in this case because Plaintiff failed to complain of any procedural defects in his Motion to Remand.  (Motion to Remand, Dkt. 2).  Specifically, Plaintiff's only basis for seeking remand was that this Court lacked subject matter jurisdiction because a federal claim had not been pleaded and that his negligence claim was not preempted by ERISA. (Motion to Remand, Dkt. 2).  Thus, Plaintiff's only challenge to the removal was that this Court lacked subject-matter jurisdiction.

Section 1447(c) provides the procedure and grounds for remanding a case based on either a procedural defect or lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c).  That section provides, in relevant part, as follows:

> A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a).  If at any time before final judgment it appears that the district court lack subject-matter jurisdiction, the case shall be remanded.

*Id.*  Pursuant to § 1447(c), a party must file a motion challenging any procedural defects within thirty days or else the complaints are waived.  *Loyd*, 955 F.2d at 322.  Furthermore, the Fifth Circuit has held that the first sentence of § 1447(c) precludes all remands for procedural defects after the expiration of the thirty-day remand period.  *Id.*  "The district court is therefore not empowered by § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal."  *Id.* at 323.   All procedural questions regarding removal must be presented within thirty days in order for remand on those grounds to be permissible pursuant to § 1447(c).  *Id.* at 322-23.

Additionally, the plain language of the statute requires that a motion challenging the alleged procedural defects be made by a party before the court is permitted to remand on the basis of procedural defects. *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001). Without such a motion, remand is not appropriate on the basis of a procedural defect. *See In re Allstate Ins. Co.*, 8 F.3d at 223-24; *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004). Admittedly, if the plaintiff files a motion to remand alleging a procedural defect, the court is permitted to remand on any procedural defect, even if not raised in the original motion. *Schexnayder*, 394 F.3d at 284. The key fact is that the plaintiff first filed a motion to remand challenging a procedural defect as required by § 1447(c). *Id.* "Remand orders that do not meet these statutory requirements are made outside of the district court's authority." *Id.* Although there is not a case directly on point where a plaintiff filed a motion to remand challenging only the subject matter jurisdiction and not any procedural defects, the cases examining the authority of the court to grant remand based on a procedural defect lead to the only conclusion that the court is prevented from remanding based on a procedural defect unless a motion challenging a procedural defect is first filed. *Id.*; *In re Allstate Ins. Co.*, 8 F.3d at 223-24.

Here, Stevens Transport filed its Notice of Removal on January 28, 2010. Plaintiff thereafter filed a Motion for Remand on February 1, 2010, seeking remand solely on the basis of lack of subject matter jurisdiction. Plaintiff did not, as required by § 1447(c), file a motion to remand based on any procedural defects within thirty days after Stevens Transport filed its Notice of Removal. Accordingly, Plaintiff waived any challenges to alleged procedural defects by not filing a motion within thirty days.

Because Plaintiff failed to file a motion pursuant to § 1447(c), this Court lacked authority under § 1447(c) to remand on the basis of a procedural defect.  This Court's order is equivalent to a sua sponte order granting remand and should be reconsidered because (1) Plaintiff did not file a motion challenging any procedural grounds of the removal and (2) the procedural challenge was raised for the first time in this Court's order dated April 12, 2010, which is beyond the thirty day limit imposed by § 1447(c).  *In re Allstate Ins. Co*., 8 F.3d at 223-24 (holding that court cannot sua sponte remand based on procedural defects when the plaintiff has not filed a motion to remand); *Loyd*, 955 F.2d at 320, 322 (holding that procedural questions must be raised within the thirty-day limit imposed by § 1447(c)); *Whole Health Chiropractic & Wellness, Inc.,* 254 F.3d at 1320-21 (holding that court cannot sua sponte remand based on procedural defects when the plaintiff has not filed a motion to remand).  Therefore, because the order falls outside of the Court's authority to remand pursuant to § 1447(c), this case is included within the exception to divestiture of jurisdiction and § 1447(d) does not deprive this Court of jurisdiction to reconsider its order granting remand.

**B.      Because Plaintiff did not allege any procedural defects, remand on the basis of untimely removal is improper.**

As previously argued, Plaintiff's failure to raise any procedural defects within thirty days after removal constitutes waiver and prevents remand on that basis.  *Loyd*, 955 F.2d at 322.  In his Motion to Remand, the only argument raised by Plaintiff is that the Court lacked subject matter jurisdiction.  Plaintiff did not make any allegations or raise any procedural defects in the Motion to Remand.

Failure to timely remove a case constitutes a procedural defect that is subjet to the requirements of § 1447(c) that a motion be made by a party challenging the procedrual defect.  *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992).  Because Plaintiff failed

to raise any procedural defects with the thirty day requirement, this Court cannot remand on the basis of failure to timely remove. *See In re Allstate Ins. Co*., 8 F.3d at 223-24; *Loyd*, 955 F.2d at 320, 322; *Whole Health Chiropractic & Wellness, Inc.,* 254 F.3d at 1320-21.  Accordingly, this Court should grant this Motion for Reconsideration, vacate its prior order and deny Plaintiff's Motion to Remand.

**C.**     **This Court should grant Stevens Transport's Motion for Reconsideration and vacate its order remanding this case because the right to remove was not triggered until January 2010 when Plaintiff first demonstrated an intent to pursue an ERISA claim.**

Stevens Transport timely removed this case on January 28, 2010, well within thirty days of being able to ascertain that Plaintiff intended to pursue an ERISA claim.  Prior to January 7, 2010, the only actions taken by Plaintiff with respect to Stevens Transport's plan was a request in June 2009 for copies of the plan.  It was not until January 7, 2010 that Plaintiff began asking for discovery and taking actions that showed an intent to pursue an ERISA claim.  Accordingly, Stevens Transport's removal was timely.

**1.**     **Plaintiff's discovery requests that simply ask for copies of the ERISA plan are insufficient, as a matter of law, to trigger removal because they fail the clear and unequivocal test.**

Plaintiff's discovery questions propounded in July 2009 are insufficient, as a matter of law, to trigger Stevens Transport's right to remove because the requests do not show an unequivocally clear and certain intent to pursue an ERISA claim.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).  Plaintiff's requests do nothing more than ask Stevens Transport to produce copies of the plan, the purpose of which could be related to many different reasons. Accordingly, because the requests, by themselves, do not show an intent to pursue an ERISA claim, the time limit for removing the case did not start running under § 1446(b).  *Id*.

Stevens Transport sought removal in this case on January 28, 2010 based on language contained in § 1446(b) allowing removal when the defendant receives "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). The Fifth Circuit's opinion in *Bosky v. Kroger Texas, LP* is particularly instructive on the issue of when a party has received sufficient notice that a case is removable based on the "other paper" language contained in § 1446(b). 288 F.3d 208 (5th Cir. 2002). In *Bosky*, the court first explained that use of the word "ascertain" in the statute means "'to make certain, exact, or precise' or 'to find out or learn with certainty.'" *Id.* at 211 (citing WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1077 (1990)). The legislature's requirement that removability be ascertained from other paper requires a higher threshold to remove when facts supporting removal are not apparent on the face of the plaintiff's petition. *Id.* Instead, "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Id.* Thus, the Fifth Circuit requires a higher level of certainty when relying on the "other paper" exception to establish that the case is removable. *Id.*

The policy reasons articulated in *Bosky* for requiring this heightened standard are also important. The court cited and relied on the Tenth Circuit's reasoning that if the statute begins running on the time to remove, the notice provided to start the time limit should be "unequivocal and should not be one which may have a double design." *Id.* (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). The court further reasoned that the importance of a clearer threshold promotes judicial economy and reduces the defendant's need for protective removals when faced with an

–13–

equivocal record. *Bosky,* 288 F.3d at 211. "It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants." *Id*. The court noted that removals should be decreased because the defendants would no longer be forced to file a protective removal. *Id*. at 211-12.

Here, this Court concluded that Stevens Transport's receipt of discovery in June 2009 was sufficient for Defendant to ascertain that the case was removable. These requests, however, do not satisfy the heightened standard articulated in *Bosky* sufficient to show that removability was unequivocally clear and certain. Specifically, the two discovery requests are as follows:

> Request for Production No. 16: All Plan (Stevens Transport, Inc. Accident/Injury Plan) documents filed with the United States Department of Labor for the past 5 years.
>
> Request for Production No. 24: All disability insurance policies and Employee Retirement Income Security Act (ERISA) plans or any other insuring agreement Defendant relies upon to provide payments for medical expenses or lost wages to the Plaintiff in connection with his workplace injury.

Stevens Transport objected to the relevance of these requests and Plaintiff never pursued the matter again until January 2010. The problem with relying on these June 2009 discovery requests is that Plaintiff is not making any representation that he is intending to pursue an ERISA claim; rather, he is simply asking for copies of the plan. There are alternative reasons for requesting such discovery. For example, Plaintiff may request a copy of the ERISA plan to calculate the proper damages recoverable under his personal injury claim. Further, this is the only instance in which Plaintiff requested copies of the plan and when his request was objected to by Stevens Transport, Plaintiff did not pursue the matter further until January 2010.

This Court relies on *Killion v. Creative Solutions in Health-Care at Grandbury, LLC* in reaching its conclusion that the June 2009 propounded discovery is sufficient to put Stevens

Transport on notice that the case was removable.   No. Civ. A. 402-CV-853-Y, 2003 WL 21321263 (N.D. Tex. 2003).   In that case, the plaintiff requested a copy of the defendant's ERISA plan during discovery, unsuccessfully attempted to obtain information regarding the plan for months, and indicated in state court that she would sue under the plan if there was one.   *Id*. at *3.   On August 14, 2002, after these repeated requests and representations, the plaintiff sent a letter to the defendant again requesting a copy of the plan and, that same day, noticed the depositions of the defendant's corporate representatives and requested that they produce a copy of the plan.   *Id*. at *1.   The defendant filed a motion for protective order and a motion to quash the depositions of the corporate representatives.   *Id*.   During the hearing on the motion to quash, the plaintiff again stated on the record that she wanted a copy of the plan to determine whether she should be suing under the plan.   *Id*.   On August 27, 2002, the plaintiff again requested in writing that the defendant provide a copy of the plan.   *Id*. at *2.   The defendant removed the case on October 18, 2002.   *Id*.

The plaintiff filed a motion to remand claiming that she had not asserted an ERISA claim and, even if she had, the defendant did not timely remove.   *Id*.   According to the plaintiff, the defendant should have removed on December 26, 2001 when it sought to compel arbitration based on a document that referenced the ERISA plan.   *Id*.   The defendant, on the other hand, argued that it timely removed the case because it was not aware that the plaintiff was raising an ERISA claim until September 19, 2002 when the plaintiff's attorney asked detailed questions regarding the plan during the deposition of the defendant's corporate representative.   *Id*.

Following *Bosky*, the court recognized that the information supporting removal must be unequivocally clear and certain to start the time limit running.   *Id*. at *3.   In reaching its decision, the court relied heavily on the fact that the plaintiff had been seeking information regarding the

plan through discovery, as well as through informal and formal communications for many months "because the plaintiff wanted to sue under such a plan if it existed." *Id*. The court also cited the defendant's repeated refusals to produce a copy of the plan despite the plaintiff's numerous requests. *Id*. Thus, the court concluded that "the defendant could have unequivocally ascertained that the plaintiff was alleging an ERISA claim by August 14, 2002 at the very latest." *Id*.

This case is readily distinguishable from *Killion*. Here, prior to January 2010, there were two questions contained in written discovery that requested copies of the plan. Unlike *Killion*, Plaintiff did not make repeated requests for copies of the plan; Plaintiff did not make representations in open court that he intended to sue under the plan if it existed;[3] Plaintiff did not seek depositions regarding any ERISA matters until January 2010 and did not subpoena witnesses to provide copies of the plan. The conduct found by the court in *Killion* that amounted to unequivocal evidence that the case was removable consisted of many months of calculated denials to produce the plan and contentious interactions between the parties regarding the existence of the plan and intent to sue under the plan. *Id*. at *2-3. Prior to January 2010, nothing even close to that level of notice was present here. Indeed, the *Killion* court found that the defendant knew by at least August 14, 2002 that the case was removable despite many months of discovery requests prior to that date. *Id*. at *3. The court implicitly rejected the plaintiff's theory that the defendant's reference to the plan back in December 2001 was sufficient to put the defendant on notice that the case was removable. Likewise, this Court should hold that merely receiving discovery requests that seek production of copies of an ERISA plan is not unequivocally clear and certain to support removal.

---

[3] Indeed, Plaintiff continues to deny that he is pursuing an ERISA claim in his Motion to Remand [Dkt. 2].

This conclusion is further supported by case law that requires much more evidence than merely seeking production of a document to support removal. For example, in *Brinkley*, the court concluded that drawing out testimony by the plaintiff's lawyer from the plaintiff's expert regarding the existence of a federally preempted claim was sufficient to support removal. *Brinkley v. Universal Health Servs., Inc.*, 194 F. Supp.2d 597, 599 (S.D. Tex. 2002); *see also Hines v. AC & S, Inc.,* 128 F. Supp.2d 1003, 1007 (N.D. Tex. 2001) (finding case removable after plaintiff expressly stated the factual basis for removal in response to discovery); *Stiles v. Barnes Group, Inc*., No. Civ. 3:01-cv-2750-H, 2002 WL 1298734, *2-3 (N.D. Tex. 2002) (holding that contested factual disputes regarding the amount in controversy relayed during a telephone conference was insufficient to meet the unequivocally clear and certain requirement and thus did not trigger the deadline to remove); *LeBoeuf v. Texaco*, 9 F. Supp.2d 661, 664-65 (E.D. La. 1998) (holding that plaintiff's answers to interrogatories that affirmatively stated defendant was liable pursuant to a federal statute were sufficient to trigger removal).

Additionally, there is case law to support the conclusion that mere mention or peripheral involvement of an ERISA plan is insufficient to invoke federal jurisdiction. In those cases, although a plan was mentioned, the court declined to exercise jurisdiction because the plaintiff's claim was not preempted by ERISA. *See Bell v. Homestead Senior Care,* No. 4:08-CV-207-Y, 2008 WL 1959802, *3 (N.D. Tex. 2008) (holding no federal jurisdiction because the effect on the ERISA plan was incidental); *Portillo v. Convalescent Enterprises, Inc*., No. EP-05-CA-276-PRM, 2005 WL 1796146, *3 (W.D. Tex. 2005) (holding that failure to assert a claim regarding benefits or administration of the plan foreclosed federal preemption). Thus, there are circumstances where an ERISA plan is involved   but the case is nonetheless nonremovable because federal jurisdiction is not yet implicated.

Moreover, a competing factor exists in that if a defendant removes a case without a proper basis, the defendant may be subject to paying the costs and expenses, including attorneys' fees, of the non-removing party. 28 U.S.C. § 1447(c). Indeed, the legislative comments to § 1447(c) indicate that the purpose of such an award is to deter improper removal. *Id.* cmt. Thus, it is imperative that a clear and unequivocal intent to pursue a federal claim exist before the deadline begins to run to remove a case. Otherwise, a defendant is placed in the untenable position of either foregoing its right to remove or exposing itself to its opponent's attorneys' fees in an improvident removal. Requiring the defendant to remove thirty days after a request for a copy of an ERISA plan runs afoul of the purposes of § 1447(c).

Accordingly, the discovery seeking copies of the plan, without more, is insufficient to support removal because simply requesting copies of the plan on one occasion is not evidence that is unequivocally clear and certain that Plaintiff intends to pursue an ERISA claim. Instead, when the discovery and claims escalate to seeking benefits and challenging the administration of the plan and affects the relationship between traditional ERISA entities, such as the plan administrator and plan participants, an ERISA claim is present. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994). Accordingly, Plaintiff's two requests for production seeking copies of Stevens Transport's ERISA plan are insufficient, standing alone, to show that the basis for removal is unequivocally clear and certain. Therefore, this Court should grant Stevens Transport's Motion for Reconsideration and vacate its order remanding this case back to the state court.

      **2.**      **Rather, Plaintiff's actions in January 2010 for the first time demonstrated that he intended to pursue an ERISA claim.**

Stevens Transport timely removed this case on January 28, 2010 because the evidence supporting removal did not become unequivocally clear and certain until, at the earliest, January

–18–

7, 2010 when Plaintiff first sought depositions from corporate witnesses regarding the plan. Plaintiff's conduct after January 7, 2010 further demonstrated his intent to pursue an ERISA claim because he insisted on obtaining discovery from Stevens Transport regarding its Plan details, including selection of physicians, administration of the Plan, how the Plan handled Moran's work injury claim, and eligibility for benefits under the Plan.  This more extensive discovery regarding how the plan was administered and receipt of benefits arose for the first time in January 2010.  Accordingly, Stevens Transport's removal was timely.

This Court indicated in its opinion that there was not any difference between the discovery requests in June 2009 and the actions taken in January 2010.  However, in June 2009, the only request made by Plaintiff was for copies of Stevens Transport's ERISA plan existing at the time of Plaintiff's injuries and five years prior, nothing more.  It was not until January 2010 that Plaintiff began pursing discovery regarding the administration of the plan, which for the first time indicated that Plaintiff intended to pursue an ERISA claim, thus, rendering the case removable.  Specifically, on January 8, 2010, Plaintiff for the first time stated that he intended to ask questions and seek discovery regarding the plan administrator's handling of his work-injury claim, discussions with treating doctors, selection of doctors, and Plaintiff's eligibility and ineligibility for medical benefits.  This more extensive and targeted discovery is in stark contrast to simply requesting copies of the plan.  Therefore, it was not until January 2010 that the evidence was sufficiently clear and certain to support removability.

Further, the *Killion* case supports the conclusion that Stevens Transport timely removed on January 28, 2010.  As soon as Stevens Transport received numerous and repeated requests for specific discovery related to administration of the plan and receipt of benefits—all in January 2010—it removed the case.  Unlike *Killion*, Plaintiff did not make any representation that he

intended to pursue an ERISA claim, and Stevens Transport did not engage in months of repeated denials to produce the plan knowing Plaintiff's intention to sue the plan. The only activity prior to January 2010 was Plaintiff asking for copies of the plan. As explained above, the simple request to produce copies of the plan is insufficient to support removability. Rather, Plaintiff's actions beginning for the first time in January 2010 demonstrate an unequivocally clear and certain intent to pursue an ERISA claim. *See Bosky*, 288 F.3d at 211. Accordingly, this Court should conclude that Stevens Transport timely removed this case.

> **3.** **This Court's holding that a right to remove was triggered by serving discovery requests greatly expands the jurisdiction of federal district courts.**

Finally, this Court's holding that the right to remove is triggered by simply requesting copies of an ERISA plan through discovery greatly expands the jurisdiction of federal district courts. Now, whenever a party mentions or requests information regarding a matter that may be preempted by federal law, the case is removable regardless of whether the plaintiff intends to actually pursue the federally preempted claim. Accordingly, defendants will be forced to remove cases when the plaintiff or other party requests information that may touch on a federally preempted claim, no matter how far removed that federally preempted claim is from the claims asserted by the plaintiff; otherwise, the defendant risks waiving its right to remove at a later time. This is the type of protective removal *Bosky* aimed to prevent. *Bosky*, 288 F.3d at 211-212.

Although the Court's order disposes of one case, it greatly expands the jurisdiction of the federal district courts to reach any case where the plaintiff simply requests discovery on a matter that may be federally preempted. *See id.* (recognizing that removals should be decreased because the defendants would no longer be forced to file protective removals). Accordingly, this Court should grant Stevens Transport's Motion for Reconsideration, vacate its order remanding this case, and deny Plaintiff's Motion to Remand.

## IV.
### PRAYER

For these reasons, Defendant Stevens Transport, Inc., respectfully requests that this Court grant this Motion for Reconsideration, vacate its order remanding this case back to state court and deny Plaintiff's Motion for Remand.  Stevens Transport requests all other relief, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,


**HERMES SARGENT BATES, L.L.P.**



By:      /s/David L. Sargent_____
**DAVID L. SARGENT**
State Bar No. 17648700

901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR DEFENDANT
STEVENS TRANSPORT, INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd day of April, 2010, a true and correct copy of the foregoing document was served electronically to Tom Carse, Carse Law Firm, 6220 Campbell Road, Suite 401 Dallas, Texas 75248, counsel for Plaintiff.

 /s/David L. Sargent_____
**DAVID L. SARGENT**



0202/00057